**UNITED STATES of America,
Appellee,**

v.

**Alfred Louis CAPPABIANCA, William Sasso and Edward Reed, Defendants-Appellants.**

**No. 536, Docket 32193.**

United States Court of Appeals
Second Circuit.

Argued June 14, 1968.

Decided July 23, 1968.

Certiorari Denied Nov. 12, 1968.

See 89 S.Ct. 294, 320.

See also D.C., 284 F.Supp. 323.

Alfonse C. Fasano, New Haven, Conn., for appellant, Cappabianca.

James W. Marshall, New Haven, Conn., for appellant, Sasso.

Ira B. Grudberg, New Haven, Conn. (Jacobs, Jacobs, Grudberg & Clifford, New Haven, Conn., on the brief), for appellant, Reed.

Jon O. Newman, U. S. Atty. for the Dist. of Connecticut, for appellee.

Before SMITH, KAUFMAN and HAYS, Circuit Judges.

HAYS, Circuit Judge:

Defendants Cappabianca, Sasso and Reed were indicted for bank robbery in violation of 18 U.S.C. § 2113(a), (b) and (d), Count 1 charged robbery, Count 2, larceny of more than $100, Count 3, an assault and jeopardizing the life of a certain bank employee. Trial was had before Judge Zampano and a jury. Cappabianca and Sasso were found guilty on all three counts. Reed was found guilty on Count 2 and acquitted on Counts 1 and 3. Cappabianca was sentenced to 17 years on Count 1, Sasso to 22 years on Count 3, Reed to 9 years on Count 2. As to Cappabianca and Sasso sentence was suspended on the remaining counts. On this appeal by all three defendants, we affirm the convictions of Cappabianca and Sasso and reverse that of Reed.

On April 28, 1967 the Allingtown branch of the First New Haven National Bank was held up by three armed men who escaped with $25,402 of the bank's money. All three robbers were masked; the smallest of the three had on a ski mask.

Early the next morning Sasso was arrested in a bedroom at a motel called the Holiday Inn. He had $1100 in a trousers pocket and a paper sack containing about $9000 was found in the room. The serial numbers on several of the bills found in the room where Sasso was arrested corresponded to the numbers on a list of bills kept in a tellers' drawer in the bank to be handed out as "bait money" in the event of a robbery.

Cappabianca's fingerprints were found on drinking glasses in the room where Sasso was arrested and also on the paper bag containing the $9000. Shreds of torn up currency wrappers were retrieved from the toilet.

There was testimony to the effect that on the night of the robbery Cappabianca was seen outside the Holiday Inn carrying a paper bag the same size as the bag found in the room where Sasso was arrested.

Cappabianca was arrested the same morning as Sasso. In his room was found a ski mask of the type worn by one of the robbers.

I.

It is urged that the evidence found in the rooms where Sasso and Cappabianca were arrested was inadmissible because (1) the arrests were without probable cause and (2) the seizures were not incidental to the arrests.

Early in the morning of the day after the bank robbery, Inspector Ahern of the New Haven Police Department received a telephone call from a confidential informant who told him that Cappabianca, Sasso and Reed had committed the robbery and that they were using the Holiday Inn as a base of operations. The informant stated that he had gotten his information from personal contact with the robbers. Ahern had known the informant for 10 or 12 years and had received from him reliable information on criminal activities on more than fifty occasions (including hold-ups), leading to convictions in at least thirty cases.

Since there was ample ground for believing the informant to be reliable and since the informant stated that his information was based on personal contacts, there was probable cause to justify the arrests. See Aguilar v. State of Texas, 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Moreover locating Sasso in a room at the Holiday Inn which had been rented earlier in the day by Reed[1] provided sufficient cor-

---

1. In determining whether the police had probable cause for the arrest of Cappabianca and Sasso, it is of no importance that we reverse the conviction of Reed.

Even if the informant's information is later proved to be wrong in some particulars, it may nonetheless provide an adequate basis for an arrest, if it seemed

roboration of the informant's story. See United States v. Tucker, 380 F.2d 206 (2d Cir. 1967). The evidence found in connection with Sasso's arrest clearly furnished enough corroboration to justify the subsequent arrest of Cappabianca.

The seizure of the evidence objected to was incidental to a lawful arrest. We find no merit in the contention that some of the evidence was inadmissible because it was not taken into the custody of the F.B.I. agent until several hours after the arrest.

## II.

Appellants claim that the court erred in refusing to order the government to disclose to them the name of the informant.

█ We have held that there was probable cause for the arrests of Sasso and Cappabianca on the basis of the information provided by the unnamed informant. However under the decision of this court in United States v. Tucker, supra, the defense was entitled to disclosure of the name of the informant if "the information received from undisclosed sources was * * * 'the essence or core or main bulk of the case for probable cause.'" United States v. Tucker, 380 F.2d at p. 211. *Tucker* held that where the information provided by an informant was only a part and not the main part of the government's case for probable cause, the government need not disclose the name of the informant.

█ In the present case, in addition to the information furnished by the informant the police, who brought about the arrests, possessed a very considerable body of knowledge as to the suspects. For example, they were acquainted with the three suspects and knew that they fitted the physical descriptions given by the bank employees. This was particularly important with respect to the de-

scription of Sasso's hair as brown with a reddish tint. The arresting officers also knew that Sasso had been seen with the other two suspects a short time before the robbery. They knew that Sasso had been convicted of breaking and entering and that the state police had issued an alert that Sasso might try to obtain large sums of money just prior to his sentencing which was scheduled for May 2.

It is also proper in this connection to consider the corroboration of the informant's information provided by finding Sasso in a room at the Holiday Inn.

The only real question as to probable cause concerns Sasso, since if there was probable cause for Sasso's arrest, the evidence found in his room provided ample cause for the arrest of Cappabianca.

With respect to these items of knowledge the police were subject to cross-examination at the hearing on the motion to suppress the contested evidence. The additional police knowledge, which could, perhaps, have provided probable cause, without relying on the informant, is sufficient to meet the requirements of the *Tucker* case. We hold, then, that the defendants were not entitled to disclosure of the informant's name.

Other objections to the conduct of the trial have been examined and found to be without substance.

## III.

█ The evidence as to the guilt of Cappabianca and Sasso is overwhelming. In Sasso's case the sufficiency of the evidence is not seriously contested. The evidence against Cappabianca includes the ski mask, his presence in the room in which Sasso was later arrested, the fingerprints on the bag of money together with his having been observed outside the Holiday Inn carrying a similar paper bag.

believable at the time it was received. See United States v. Tucker, 380 F.2d 206, 212 (2d Cir. 1967):
"In cases such as this where probable cause for arrest is at issue, rather than the guilt or innocence of the de-

fendant, it matters little whether the informants were truthful in fact, it matters only that in the judge's view, the agents acted reasonably on the basis of all the facts at hand."

**360**

On the other hand we find the evidence insufficient to support the conviction of Reed. As a matter of fact the only evidence against him of any strength is that on the day of the robbery he rented the room at the Holiday Inn in which Sasso was later arrested. This may show that he had some connection with the robbery, and there is other evidence to connect him with the robbers. It falls short of establishing that he took part in the robbery. The testimony of the bank employees indicates merely that one of the robbers was similar in size and build to Reed, and that he wore dark clothes similar in shade to those Reed was wearing earlier in the day. Even this testimony was at variance with earlier statements of the same witnesses.

We do not believe that, on the basis of this evidence, the court was warranted in submitting the issue of Reed's guilt to the jury, and we reverse his conviction.